## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**KATHLEEN GROVE,**

        **Plaintiff,**

    **vs.**                                      **Civ. No. 13-00001 JCH/KBM**

**BUILDERS TRUST OF NEW MEXICO,**

        **Defendant.**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendant Builders Trust of New Mexico's Motion To Dismiss Plaintiff's Complaint*.  [Docs. No. 11 & 12, filed 2/21/13]  Plaintiff filed a Response [Doc. No. 13, filed 3/7/13], and Defendant filed a Reply [Doc. No. 14, filed 3/25/13].  The Court has reviewed the parties' filings and the relevant law.

The Court concludes that Plaintiff has adequately stated claims for employment discrimination and retaliation under Title VII of the Civil Rights Act and the New Mexico Human Rights Act.  The Court will deny the motion to dismiss under Rule 12(b)(6).

### ALLEGATIONS IN THE COMPLAINT

Kathleen Grove alleges that she began working as a Benefits Specialist for Builders Trust of New Mexico in September 2009.  Prior to her employment, Grove told Builders Trust that she could only accept the position if she were allowed some flexibility with her work schedule, because of her responsibility to provide care for her minor child.  Grove was told that she could flex her work schedule.  Builders Trust honored this agreement for about sixteen months.

Then, however, Grove's supervisor attempted to dock Grove's paid time-off ("PTO") instead of continuing to allow her flex time.  Grove complained to the Human Resources Department at Builders Trust and her PTO time was not docked.

Shortly after this incident, Grove's supervisor revoked the flex time agreement and began requiring Grove to work set hours.  Grove again complained to Human Resources, alleging that there were male employees who were allowed flex time with regard to their lunch hours.

After Grove made the second complaint to Human Resources, Grove was given negative performance reviews and her files were audited.  Grove alleges that her supervisor did not audit her files randomly but chose specific files to audit; Grove's supervisor began to discipline her for any errors discovered even though many of Grove's co-workers made the same errors without being disciplined.  Grove's supervisor continued to write her up for any minor infraction or absence.

On November 28, 2011, Grove was terminated from her employment.

On January 2, 2013, Grove filed suit against Builders Trust.  Grove alleges discriminatory and retaliatory treatment in violation of Title VII of the Civil Rights Act and the New Mexico Human Rights Act.  [Doc. No. 1]  Grove alleges that, as a result of the discrimination, she was subjected to a hostile work environment and was terminated.

On February 21, 2013, Builders Trust filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  [Docs. No. 11 & 12]


**LEGAL STANDARDS**

Rule 8 requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In considering a motion to

dismiss under Rule 12(b)(6), the Court must "assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable" to the plaintiff. *Dias v. City of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009). The principle that the Court must accept allegations as true is inapplicable, however, to legal conclusions contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To withstand a motion to dismiss, the complaint "does not need detailed factual allegations," but the factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Conclusory statements not supported by factual allegations are not sufficient. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Tenth Circuit stated that the *Twombly* Court sought to "to find a middle ground between 'heightened fact pleading,' which is expressly rejected," and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" which are insufficient. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570, 555). The complaint is not required to establish a prima facie case of employment discrimination. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002).

The allegations of fact must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Tenth Circuit observed that "plausible" cannot mean "likely to be true," but "must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* Determining

whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In addition to weeding out claims lacking a reasonable prospect of success, the requirement of plausibility serves to inform the defendant of the actual grounds of the claim. *Robbins*, 519 F.3d at 1248.

The degree of specificity necessary to establish plausibility and to give fair notice depends on the context. *Id.* A simple negligence action may require little more than an allegation that the defendant negligently struck the plaintiff with his car while the plaintiff was crossing a particular street on a specified date and time. *Id.*; *see* Form 9, Complaint for Negligence, Forms App., Fed. R. Civ. P., 28 U.S.C. App., p. 829.

Under the liberal pleading standards of the Rules, a 12(b)(6) motion is "rarely granted." *Lauer v. Thelin*, 433 Fed. Appx. 686, 687, 2011 WL 3667745 (10th Cir. 2011) (unpublished) (internal quotation marks omitted). "Granting defendant's motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Duran v. Carris*, 238 F.3d 1268, 1270 (10th Cir. 2001) (internal quotation marks omitted). A complaint may proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Under Title VII it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (amended July 30, 2013). There are two types of Title VII employment discrimination: disparate impact and disparate

treatment.  *EEOC v. Pitre, Inc.*, 908 F. Supp. 2d 1165, 1172 (D.N.M. 2012); *see Santana v. City of Denver*, 488 F.3d 860, 866-67 (10th Cir. 2007).  Disparate treatment involves intentionally discriminatory employment practices.  *Pitre, Inc.*, 908 F. Supp. 2d at 1172.  A plaintiff may prove a Title VII violation either by direct evidence of discrimination or through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

To establish a prima facie case of discrimination on the basis of sex, a plaintiff must demonstrate that:

(1)  She belongs to a protected class;
(2)  She was qualified for her job;
(3)  Despite her qualifications, she was discharged; and
(4)  The job was not eliminated after her discharge.

*Rivera v. City of Denver*, 365 F.3d 912, 920 (10th Cir. 2004).[1]  If the plaintiff establishes a prima facie case, the burden shifts to the employer "'to articulate some legitimate, nondiscriminatory reason'" for its action.  *Id.* (quoting *McDonnell Douglas*, 411 U.S. at 802).  If the defendant carries this burden, the burden shifts back to the plaintiff to prove that the reasons offered by the defendant were a pretext for discrimination.  *Id.*  As noted above, Grove is not, however, required to plead a prima facie case in her complaint.  *See Swierkiewicz*, 534 U.S. at 515.

Title VII proscribes discrimination against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3(a).  To establish a prima facie case of retaliation under Title VII, Grove must demonstrate that:

(1)  She was engaged in protected opposition to discrimination;

---

[1] Builders Trust cites a different test, from *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 531 (10th Cir. 1998). [Doc. No. 12, p. 4]  This test has been modified, and the Court sets forth the more recent test.  *See Farmer v. Amrest*, 2012 WL 6187791, *3 n.1 (D.N.M. 2012) (unpublished).

(2) A reasonable employee would have found the challenged action materially adverse; and

(3) A causal connection existed between the protected activity and the materially adverse action.

*Scott v. Kempthorne*, 191 Fed. Appx. 622, 626 (10th Cir. 2006) (unpublished).

Title VII prohibits subjecting an employee to a hostile work environment. *Harsco Corp. v. Renner*, 476 F.3d 1179, 1186 (10th Cir. 2007). To establish a hostile work environment due to sexual harassment, the plaintiff must prove that:

(1) She is a member of a protected group;

(2) She was subject to unwelcome harassment;

(3) The harassment was based on sex; and

(4) The harassment was severe or pervasive enough to alter a term, condition, or privilege of the plaintiff's employment and to create an abusive working environment.

*Id.* The plaintiff must also demonstrate one of three bases for holding her employer liable—e.g., that the employer had actual or constructive knowledge of the hostile work environment and did not adequately respond. *Id.* Under the fourth element, harassment must be "'so objectively offensive as to alter the "conditions" of the victim's employment.'" *Id.* (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998)). The extent of harassment is judged on an objective standard, considering all of the circumstances, from the perspective of a reasonable person in the plaintiff's position. *Oncale*, 523 U.S. at 81.

Section 28-1-7 of the New Mexico Human Rights Act tracks the language of Title VII of the Civil Rights Act. NMSA 1978, §§ 28-1-1 to -15 (2005). The New Mexico Supreme Court stated that the evidentiary methodology adopted in *McDonnell Douglas* by the United States Supreme Court for Title VII will provide non-binding guidance for proving a violation under the New Mexico Human Rights Act. *Juneau v. Intel Corp.*, 139 N.M. 12, 15, 127 P.3d 548, 551, 2006-NMSC-002 (2005); *Smith v. FDC Corp.*, 109 N.M. 514, 517, 787 P.2d 433, 436 (1990).

**DISCUSSION**

Builders Trust moves to dismiss under Rule 12(b)(6), arguing that Grove's complaint failed to state a claim on any count.  Builders Trust argues that Grove "completely fails to state the elements of each of her causes of action," that "she makes absolutely no attempt to show how any of the facts alleged in her Complaint support either of her claims for relief," and that her complaint should therefore be dismissed with prejudice.  [Doc. No. 11, pp. 1-2]  Builders Trust also asserts that it is given insufficient notice of the essence of Grove's claims and that it is unable to "formulate any meaningful and tailored discovery due to the lack of factual specificity and specifically the connection between fact and the elements of her causes of action."  [Doc. No. 12, p. 2, 4-5]

Grove's claims of sexual discrimination and retaliation constitute claims of disparate treatment.  *See Pitre, Inc.*, 908 F. Supp. 2d at 1172.  The Complaint does not allege direct evidence of intentional discrimination, but does allege facts adequate to state a claim under the burden-shifting framework of *McDonnell Douglas Corp.*  As Builders Trust recognizes, Grove is not required to establish a prima facie case in her Complaint, but consideration of the elements of each alleged cause of action help to determine whether she has set forth a plausible claim.  *See Swierkiewicz*, 534 U.S. at 515.  [Doc. No. 12, p. 3]

The Complaint alleges that Builders Trust "discriminated against Grove in the terms and conditions of her employment on the basis of her sex, in violation of [ ] Title VII and the New Mexico Human Rights Act," and that the discrimination consisted of terminating her employment.  [Doc. No. 1, p. 4]  This claim is supported by Grove's factual allegations that:  she is a woman—a member of a protected class; her previously allowed flex time arrangement was

revoked although male co-workers continued to be allowed flex time of some sort; and that Grove's complaints led to negative performance reviews and being singled out for non-random audits resulting in discipline for errors for which co-workers were not disciplined.  [Doc. No. 1, pp. 2-3]  The complaint alleges that the terms and conditions of Grove's employment were different from those of male co-workers with respect to flex time, and—allowing all reasonable inferences—that this discrimination ultimately led to Grove's discharge.

Contrary to Builders Trust's contention, the Complaint alleges that Grove was treated differently on the basis of sex.  [Doc. No. 12, p. 5]  Builders Trust also asserts that Grove was required to state the reasons given for her discharge and show why those reasons were pretextual.  [Doc. No. 12, p. 5]  But this is the final stage of the *McDonnell Douglas* burden-shifting procedure, reached only after the defendant provides a non-discriminatory reason for discharge; the Court concludes that the Complaint need not address that final stage.  Builders Trust contends that the Complaint was required to name a male employee who was allowed flex time.  [Doc. No. 14, pp. 2-3]  But a complaint need not contain "detailed factual allegations." *Twombly*, 550 U.S. at 555.

The Complaint also allows a reasonable inference that Grove was qualified for her job, because she had previously worked there for sixteen months, on flex time.  Grove

> may make out a prima facie case of discrimination in a discharge case by credible evidence that she continued to possess the objective qualifications she held when she was hired, or by her own testimony that her work was satisfactory, even when disputed by her employer, or by evidence that she had held her position for a significant period of time.

*Toth v. Gates Rubber Co.*, 216 F.3d 1088, 2000 WL 796068, *6 (10th Cir. 2000) (unpublished) (quoting *MacDonald v. Eastern Wyo. Mental Health Ctr.*, 941 F.2d 1115, 1121 (10th Cir. 1991) (marks omitted)).  Applying the liberal standard of the Rules and allowing reasonable inferences,

the Court concludes that Grove alleges all three of these bases.  It is reasonable to infer that Grove still possessed the same qualifications as when she was hired.  From Grove's assertions that her supervisor chose which of her work to audit and began to discipline her for errors for which other employees were not disciplined, it is reasonable to infer that Grove believes her work continued to be satisfactory and that these errors were not of a magnitude to render her work unsatisfactory.  From Grove's allegation that she held her position for sixteen months, on flex time, before problems arose, it is reasonable to infer that she held her position for a significant period of time and also that she performed her work satisfactorily while on flex time.  Contrary to Builders Trust's contention, the Complaint contains facts or allegations inferentially showing that Grove was qualified for her position.  [Doc. No. 14, p. 2]

Again recognizing that Grove is not required to plead a prima facie case in her complaint, *see Swierkiewicz*, 534 U.S. at 515, the Court has considered the elements of a prima facie case in concluding that the Complaint adequately states a claim for discrimination on the basis of sex.  Although the Complaint could certainly have been more clearly drafted, the Court concludes that it contains "direct or inferential allegations respecting all the material elements" of a claim for sex discrimination.  *Bryson v. Gonzales*, 534 F.3d 1282,  1286 (10th Cir. 2008).  Drawing on its judicial experience and common sense, *see Iqbal*, 556 U.S. at 679, the Court will conclude that Grove's complaint adequately states the grounds of Grove's claim and gives Builders Trust fair notice.

The complaint also claims that Grove was subjected to a hostile work environment.  [Doc. No. 1, p. 4]  Examples of the type of harassment that may support a claim of a hostile work environment include explicit or implicit proposals of sexual activity, gender-specific comments and behavior exceeding flirtatiousness, and comments about a worker's sexual

performance.  *Harsco Corp. v. Renner*, 475 F.3d 1179, 1187-88 (10th Cir. 2007); *see Davis v. U.S. Postal Serv.*, 142 F.3d 1334, 1341 (10th Cir. 1998) (stating rational jury must be able to find "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment" (internal quotation marks omitted)).  Grove's Complaint contains no factual allegations of harassment of a similar nature or degree to support her claim of a hostile work environment.  Her claim of discrimination on the basis of sex is nevertheless adequate because it also relies on differential treatment of flex time and her ultimately being discharged.

The Court will also conclude that the complaint adequately states a claim for retaliation. The Complaint alleges a series of actions and responses:  (1) Grove's supervisor attempted to dock her PTO time instead of continuing to allow flex time; (2) Grove complained to Human Resources; (3) "Shortly after this incident," Grove's supervisor unilaterally revoked her flex time; (4) Grove again complained to Human Resources; and (5) "After [Grove made] this complaint," Grove's supervisor began to selectively audit her files, discipline her for errors for which co-workers were not disciplined, continue to write Grove up for any minor infraction or absence, and give her negative performance reviews.  [Doc. No. 1, pp. 2-3]

Grove complained that male co-workers were allowed flex time, while she was not; the Complaint thus alleges that Grove was engaged in protected opposition to discrimination on the basis of sex—the first element of a prima facie case of retaliation.  The allegations of discriminatory discipline, negative reviews, and discharge meet the second element—materially adverse actions by the employer.  And the order in which the Complaint sets forth the five allegations listed above sufficiently alleges a causal connection at each step; the allegation of causal connection is confirmed by the timing alleged—that the adverse action in (3) above

occurred "[s]hortly after" Grove's first complaint and the adverse actions in (5) above occurred "[a]fter making" the second complaint.  *See Toth*, 216 F.3d 1088, 2000 WL 796068 at *9 (showing of negative performance evaluations after protected activity and leading to ultimate discharge were sufficient to withstand summary judgment motion).  "A retaliatory motive may be inferred when an adverse action closely follows protected activity."  *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999); *see Miller v. Automobile Club of N.M.*, 420 F.3d 1098, 1121 (10th Cir. 2005), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v.* White, 548 U.S. 53, 67-68 (2006).

The Tenth Circuit has held that an adverse action six weeks after protected conduct may be sufficient, even without any other evidence, but adverse action three months later, by itself, is insufficient to establish a prima facie case on causation.  *Miller*, 420 F.3d at 1121.  It appears that the entire period, during which there were two complaints and a series of discriminatory actions alleged, was from about January 2011 to November 2011, when Grove was discharged.  In view of the allegations of continuing audits and disciplinary actions, however, these time periods—though lengthy—tend to provide support for a causal connection.  The Tenth Circuit has stated that "the phrase 'closely followed' must not be read too restrictively where the pattern of retaliatory conduct begins soon after the [protected conduct] and only culminates later in actual discharge."  *Marx v. Schnuck Mkts., Inc.*, 76 F.3d 324, 326, 329 (10th Cir. 1996).  Grove's Complaint alleges a pattern of retaliation which may support her claim.  *See id.* at 326, 329 (determining that pattern of retaliatory conduct justified inference of retaliatory intent when protected conduct was immediately followed by numerous and continuing citations for job deficiencies, ultimately leading to discharge seven months after protected conduct); *Jarita Mesa Livestock Grazing Ass'n v. United States Forest Serv.*, 921 F. Supp. 2d 1137, 1189-90 (D.N.M.

2013).  At this stage of the proceedings, when Grove was not required to plead a prima facie case in her Complaint, the Court concludes that Grove has adequately stated a claim for retaliation.

Builders Trust contends that the Complaint shows "no nexus between the person(s) to whom she complained and the person who fired her."  [Doc. No. 12, p. 7]  The Court concludes that there is a sufficient "nexus" when the complaint was to the Human Resources department of the same employer who fired Grove.  Builders Trust also asserts that the Complaint should have named the person to whom Grove complained, the specific dates of her complaints, and the response given.  [Doc. No. 12, pp. 7-8; Doc. No. 14, pp. 4-5]  But "detailed factual allegations" are not required, *Twombly*, 550 U.S. at 555, and a complaint is not required to establish a prima facie case, *see Swierkiewicz*, 534 U.S. at 515.

Builders Trust cites an unpublished Memorandum Opinion and Order from this Court in *Chatterton v. Summit Food Servs., LLC*, Cr. No. 12-00082 [Doc. No. 15] (Oct. 23, 2012).  To the extent that a prior unpublished disposition in a different case is properly considered, the Court concludes that Grove's Complaint falls on the other side of the line under Rule 12(b)(6).  The Court also notes that the amended complaint in *Chatterton*—which the Court finds closer to Grove's complaint in the relevant respects—was determined to be adequate.  *Chatterton*, Cr. No. 12-00082 [Doc. No. 29] (Sept. 3, 2013).

With regard to Grove's claims under the New Mexico Human Rights Act, Section 28-1-7 tracks the language of Title VII.  *See* NMSA 1978, § 28-1-7(A), (I)(2).  Builders Trust states that "the same elements are applicable to" Plaintiff's sex discrimination claims under Title VII and the New Mexico Human Rights Act.  [Doc. No. 12, p. 4]  *See Juneau*, 139 N.M. at 15-18, 127 P.3d at 551-54, 2006-NMSC-002, ¶¶ 9-22; *Smith*, 109 N.M. at 518, 787 P.2d at 437.  The claim under the Human Rights Act, therefore, is so closely related to a claim within this Court's

original jurisdiction that the Court has jurisdiction over the state law claim. *See* 28 U.S.C. § 1367(a) (supplemental jurisdiction over state law claims forming part of same case or controversy).  Builders Trust acknowledges that the New Mexico Supreme Court follows the burden-shifting procedure of *McDonnell Douglas*. *See Juneau*, 139 N.M. at 15, 127 P.3d at 551, 2006-NMSC-002, ¶ 9; *Smith*, 109 N.M. at 517, 787 P.2d at 436.  For the same reasons discussed above, the Court will conclude that Grove's Complaint adequately states claims under the New Mexico Human Rights Act.

A number of significant—though reasonable—inferences are required by Grove's complaint.  The Court concludes, however, that the Complaint is adequate to show that Grove has plausible claims for relief under Title VII and under the New Mexico Human Rights Act under the liberal pleading standards of the Rules. *See Jarita Mesa Livestock Grazing Ass'n*, 921 F. Supp. 2d at 1175 ("'[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss.'" (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (alterations in original))).  The Court also concludes that the complaint gives fair notice to Builders Trust of the grounds of Grove's claims. *See id.*  The Court believes that the connections between the facts alleged and the elements of Grove's causes of action are sufficiently apparent. *See Iqbal*, 556 U.S. at 679 (stating that court reviewing complaint must draw on its judicial experience and common sense).

## CONCLUSION

The Court concludes that Grove has "nudged [her] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The Court will therefore deny the motion to dismiss under Rule 12(b)(6).

**IT IS THEREFORE ORDERED** that *Defendant Builders Trust of New Mexico's Motion To Dismiss Plaintiff's Complaint* [Doc. No. 11] is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE